CARROLL, Judge
(dissenting in part).
I respectfully dissent from the majority decision as it relates to nepotism. The policy and purposes for prohibiting nepotism are applicable to officers of municipal corporations which are incorporated towns as well as to officers of incorporated cities, or other political subdivisions of the state. Former section 116.10 Fla.Stat., F.S.A. refers to state officer, state board member, county officer, county commission member, and city official. It is said the statute should be strictly construed. In my view the majority opinion gives it a loose, rather than strict construction, by concluding that the prohibition of that statute, applicable to officers of state agencies and cities shall not apply to the equivalent officers of an incorporated town.
In my opinon it is not reasonably to be presumed that the legislature intended to except and allow in incorporated towns the nepotism practices which it soundly denounced (by criminal sanction) in other political subdivisions of the state, including “cities.” The newer section, 116.111 Fla. Stat, F.S.A., by subsection (1) (a) includes, among the “Agencies” listed, counties, cities, and “Any other political subdivision of the state, except district school boards and junior college districts.” No exception is made there of incorporated towns which qualify as political subdivisions of the state, as do cities and other agencies.
Chapter 165 Fla.Stat., F.S.A. entitled “Organization and Dissolution of Municipalities,” prescribes the privileges and the rights of municipalities, and governs the operation of incorporated towns as well as *698 cities. The distinction stated in § 165.02 between a city and a town is one of population. It provides that those above a certain size (number of registered voters) which are incorporated shall be designated as cities, and that those of less than such stated number of registered voters, for which a municipal government is established, shall be designated as towns. In outlining the privileges and rights of such municipal corporations, the statutory provisions relating to them in Chapter 165 are the same, whether city or town. If cities and towns are governed and controlled by the same statutory requirements and provisions as to what they can do, and how they can do it, why should a statute which prohibits certain action or activity by designated state agencies and “Any other political subdivision of the state” be construed to be inapplicable to political subdivisions of the state which towns represent ?
In § 116.111 Fla.Stat., F.S.A., in stating the meaning of “Agency”, the statute in referring to state agencies makes an express exception as to universities. It then includes officers of agencies in the legislative and the judicial branches of the government, without stating any exceptions and does likewise as to counties and cities, then adds “Any other political subdivision of the state,” as to which the only exceptions stated are district school boards and junior college districts.
Moreover, in subsection (1) (b) of § 116.111 “public official” is said to be an officer of any agency who has authority “to appoint, employ, promote, or advance individuals or to recommend individuals for appointment, employment, promotion, or advancement in connection with employment in an agency.” That fits officers of incorporated towns as well as of cities or other agencies or political subdivisions of the state which are encompassed by the statute.
For those reasons I would reverse the judgment.